Filed 6/14/23  Collins v. Imbriani CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LLOYD J. COLLINS,<br><br>    Appellant,<br><br>    v.<br><br>KARA L. IMBRIANI,<br><br>    Respondent. | B308038<br><br>Los Angeles County<br>Super. Ct. No.<br>17STPT00636 |

APPEAL from an order of the Superior Court of Los Angeles County, Michael J. Convey, Judge. Affirmed.

Lloyd J. Collins, in pro. per; The Appellate Law Firm, Aaron Myers, and Mark Kuntze for Appellant.

Quinn & Dworakowski and David Dworakowski for Respondent.

## INTRODUCTION

Lloyd J. Collins (father) filed a petition to establish parentage of the two children born during his relationship with Kara L. Imbriani (mother). The parties entered into a stipulated judgment concerning the children. Less than a year later, however, both mother and father sought to modify aspects of the stipulated judgment. The court conducted a four-day trial and entered a postjudgment order which father challenges on appeal. We conclude father, as the appellant, fails to carry his burden to establish prejudicial error. Accordingly, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

These proceedings began in August 2017, when father filed a petition to establish parentage of the children. The court entered a stipulated judgment on the petition in January 2018. The judgment provided that father and mother shared joint legal and physical custody of the children, set a custody-sharing plan, and resolved other issues relating to the children. Both parties waived child support.

In October 2018, mother filed a request for order seeking to set aside the judgment, change the child custody arrangement, provide for child support, and allow her to move out of state with the children. Mother alleged that father forced her to sign the stipulated judgment under duress and that she had been unaware father filed the stipulated judgment until recently. Further, mother represented that until early August 2018, she had sole physical custody of the children and father visited with them only occasionally, the judgment's provision for joint custody notwithstanding. In his responsive declaration, father requested sole legal and physical custody of the children and child support

2

from mother. He also opposed mother's request for a move-away order.

In late February 2019, father filed a request for a domestic violence restraining order against mother to protect both himself and the children. Father alleged that mother had been using tracking devices, including one in his car, to monitor his location. He expressed concern for his safety. He also alleged that mother had engaged in acts of domestic violence against him in the past, was unstable and suicidal, and had threatened to take the children out of state without his consent. In addition to the request for a restraining order, father sought to modify the custody arrangement set forth in the stipulated judgment. After several continuances, the court set a hearing on both the request for order filed by mother and the request for a domestic violence restraining order filed by father, to be held in September 2019. The court later set the matter for trial.

The court conducted a trial over four days in February 2020. The court issued a permanent three-year restraining order protecting father from mother. The order barred mother from contacting or coming within 100 feet of father and required her to disclose all tracking devices so that father could remove them. With respect to mother's request for order, the court found that each parent had committed acts of domestic violence against the other, triggering Family Code[1] section 3044.[2] Father had coerced mother into signing a notarized

---

[1] All undesignated statutory references are to the Family Code.

[2] Section 3044 contains a rebuttable presumption that parental custody is detrimental to a child's best interest if that parent has committed an act of domestic violence against the other parent or a child. (§ 3044, subd. (a).) The presumption may be rebutted by a

3

declaration and the stipulated judgment, had entered mother's apartment and removed almost all of the furniture, had visited mother's place of work after she obtained an emergency restraining order prohibiting him from doing so, had spirited the children from the family residence to San Diego in the custody of an unrelated adult without mother's knowledge or consent, had changed the locks on the parties' joint residence, and had continually used money in a coercive and controlling manner. For her part, mother had used a tracking device in father's car and additional computer software to track father's movements from July 2018 to April 2019.[3] In addition, in August 2017, mother had thrown a cellphone at father. The phone hit father on the right side of his face and left a knot near his right eyebrow. The court, however, rejected father's allegation that mother planned to abduct the children and remove them from California.

After evaluating the relevant statutory factors, the court found that both parents successfully rebutted the section 3044 presumption. The court also noted that both parents had "promoted the other parent's role as a co-parent in an exemplary fashion" and had "promoted the decision-making of the other parent." The court further found that "[b]oth parents have shown convincingly beyond all doubt that it is in the children's best interest that they continue to share joint legal and joint physical custody" of the children.

---

preponderance of the evidence and the statute lists relevant factors the court should consider. (*Id.*, subds. (a), (b).)

[3] These factual findings also formed the basis for the court's issuance of the permanent restraining order.

As to the remaining issues, the court denied mother's request to set aside the stipulated judgment but found that a material change in circumstances justified certain modifications of that judgment. The court continued the existing joint custody arrangement but slightly modified the weekly and weekend custody schedule to equalize custody time. In addition, the court found that father owed mother $20 per month in child support according to the applicable guidelines. But the court departed from the guidelines and awarded mother no child support because father was obligated, under the terms of the stipulated judgment, to pay for the children's private school tuition and extracurricular activities. Finally, and as pertinent here, the court stated that mother could claim the children as dependents on her tax return because she provided them with health insurance.

The court filed its postjudgment order after hearing on July 22, 2020. Father timely appeals.

## DISCUSSION

Father challenges the court's postjudgment order on multiple grounds. As we explain, however, father fails to carry his burden to establish prejudicial error as to any of the asserted grounds.

## 1. The Appellant's Burden on Appeal

The most fundamental rule of appellate review is that the judgment or order challenged on appeal is presumed to be correct, and "it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) " 'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be

affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

The appellant has the burden to show error, even if the appellant did not bear the burden in the trial court, and " 'to point out the triable issues the appellant claims are present by citation to the record and any supporting authority.' " (*Claudio v. Regents of the University of California* (2005) 134 Cal.App.4th 224, 230.) When an opening brief fails to make appropriate references to the record in connection with points urged on appeal, the appellate court may treat those points as waived or forfeited. (See, e.g., *Lonely Maiden Productions, LLC v. GoldenTree Asset Management, LP* (2011) 201 Cal.App.4th 368, 384; *Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 779–801 (*Dietz*) [several contentions on appeal "forfeited" because appellant failed to provide a single record citation demonstrating it raised those contentions at trial].) Further, "an appellant must present argument and authorities on each point to which error is asserted or else the issue is waived." (*Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 867.) Matters not properly raised or that lack adequate legal discussion will be deemed forfeited. (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655–656.)

An appellant has the burden not only to show error but prejudice from that error. (Cal. Const., art. VI, § 13.) If an appellant fails to satisfy that burden, the argument will be rejected on appeal. (*Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963.) "[W]e cannot presume prejudice and will not reverse the judgment in the absence of an affirmative showing there was a miscarriage of justice. [Citations.] Nor will this court act as counsel for appellant by furnishing a legal argument as to how the trial court's ruling was prejudicial.

[Citations.]" (*Ibid*.) In short, an appellant must demonstrate prejudicial error based on sufficient legal argument supported by citation to an adequate record. (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 556–557.)

## 2. Standard of Review

"Trial courts have great discretion in fashioning child custody and visitation orders. We therefore review those orders for an abuse of discretion. (*In re Marriage of Fajota* (2014) 230 Cal.App.4th 1487, 1497 (*Fajota*).) 'A court abuses its discretion in making a child custody order if there is no reasonable basis on which it could conclude that its decision advanced the best interests of the child. [Citation.]' " (*S.Y. v. Superior Court* (2018) 29 Cal.App.5th 324, 333 (*S.Y.*).) " 'An abuse of discretion occurs when the trial court exceeds the bounds of reason; even if we disagree with the trial court's determination, we uphold the determination so long as it is reasonable. [Citation.] We do not reverse unless a trial court's determination is arbitrary, capricious, or patently absurd.' [Citation.] The trial court's factual findings are reviewed for substantial evidence, in the light most favorable to the judgment. [Citations.] ' " 'The trial judge, having heard the evidence, observed the witnesses, their demeanor, attitude, candor or lack of candor, is best qualified to pass upon and determine the factual issues presented by their testimony.' " [Citation.]' [Citation.]" (*Id*. at pp. 333–334.)

3.  **Father fails to carry his burden to establish prejudicial error.**

Father attacks the court's postjudgment order on multiple grounds.[4] We address his arguments in turn and conclude he has failed to demonstrate any prejudicial error.

### 3.1.   Section 3044 Presumption

Section 3044, subdivision (a) provides, as pertinent here: " 'Upon a finding by the court that a party seeking custody of a child has perpetrated domestic violence against the other party seeking custody … within the previous five years, there is a rebuttable presumption that an award of sole or joint physical or legal custody of a child to a person who has perpetrated domestic violence is detrimental to the best interest of the child, pursuant to Section 3011. This presumption may only be rebutted by a preponderance of the evidence.' " (*Fajota*, *supra*, 230 Cal.App.4th at p. 1497.) The presumption shifts to the perpetrator the burden of persuasion that an award of custody to him or her would not be detrimental to the best interests of the child.

The determination of custody is not to reward or punish the parents for their past conduct, but to determine what is currently in the best interests of the child. (*In re Marriage of LaMusga* (2004) 32 Cal.4th 1072, 1094; *S.Y., supra,* 29 Cal.App.5th at p. 336 [noting the paramount factor for custody of the child is the

---

[4] It is more accurate to say that father attacks certain comments made by the trial court from the bench, as father cites to the reporter's transcript rather than the postjudgment order in his legal argument section. We focus our analysis on the postjudgment order and disregard father's arguments relating to stray comments not incorporated into that order.

child's health, safety, and welfare]; § 3020, subd. (a) ["[I]t is the public policy of this state to ensure that the health, safety, and welfare of children shall be the court's primary concern in determining the best interests of children when making any orders regarding the physical or legal custody or visitation of children."].)

### 3.1.1. Application of the Section 3044 Presumption to Father

Father's primary argument is that the court erred in finding he committed acts of domestic violence against mother, thereby triggering the presumption contained in section 3044. Subdivision (c) of section 3044 states that a person has " 'perpetrated domestic violence' " within the meaning of subdivision (a) when the person is found to have "intentionally or recklessly caused or attempted to cause bodily injury, or sexual assault, or to have placed a person in reasonable apprehension of imminent serious bodily injury to that person or to another, or to have engaged in behavior involving, but not limited to, threatening, striking, harassing, destroying personal property, or disturbing the peace of another, for which a court may issue an ex parte order pursuant to Section 6320 to protect the other party seeking custody of the child or to protect the child and the child's siblings."

Father contends, for example, that the court erred in crediting mother's trial testimony in which she said that father had forced her to sign a notarized declaration and the stipulated judgment under duress. In addition, father offers various justifications for his actions and contends the court should have believed his version of events and concluded he had not committed any acts of domestic violence. He also argues that the

court erred in excluding certain evidence (several text messages) which tended to corroborate his version of the events at issue.

We need not consider the merits of father's arguments, however. Father cannot establish that the court's finding that he committed acts of domestic violence was prejudicial which, as we have said, is a necessary component of a successful argument on appeal. (Cal. Const., art. VI, § 13 ["No judgment shall be set aside … in any cause … unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice"].) Although he does not discuss prejudice explicitly, father claims "it is apparent from the trial court's decision that this error dramatically influenced its ultimate rulings on custody, visitation, and child support." He does not elaborate, which is reason enough to reject his argument. (*Keyes v. Bowen, supra,* 189 Cal.App.4th at pp. 655–656 [noting that matters not properly raised or that lack adequate legal discussion will be deemed forfeited].)

In any event, the flaws in father's reasoning are evident in the following passage from his opening brief: "Here, the court's improper application of the presumption in favor of [mother] under § 3044 is pervasive throughout its reasoning and final judgment. The presumption was essentially the starting point of the court's analysis and directly resulted in a judgment adverse to [father.]" First, the section 3044 presumption is not applied in favor of one parent and against the other. The focus of the presumption is, as explained, *ante*, the child's safety and best interest. Second, although father correctly notes that the section 3044 presumption played a part in the court's analysis, he is incorrect that the presumption "directly resulted" in a

judgment adverse to him. The section 3044 presumption fell by the wayside as soon as the court found that father rebutted it. And the fact that the court left the existing joint custody arrangement in place evidences the court's conclusion that father adequately rebutted the section 3044 presumption.

In sum, the application of the section 3044 presumption in the first instance, even if erroneous, did not impact the court's custody decision because the court found the presumption to be rebutted. Therefore, any error by the court was not prejudicial.

### 3.1.2. Application of the Section 3044 Presumption to Mother

Father also contends the court abused its discretion in finding that mother rebutted the section 3044 presumption. Section 3044, subdivision (b) provides: "To overcome the presumption set forth in subdivision (a), the court shall find that paragraph (1) is satisfied and shall find that the factors in paragraph (2), on balance, support the legislative findings in Section 3020. [¶] (1) The perpetrator of domestic violence has demonstrated that giving sole or joint physical or legal custody of a child to the perpetrator is in the best interest of the child pursuant to Sections 3011 and 3020. In determining the best interest of the child, the preference for frequent and continuing contact with both parents, as set forth in subdivision (b) of Section 3020, or with the noncustodial parent, as set forth in paragraph (1) of subdivision (a) of Section 3040, may not be used to rebut the presumption, in whole or in part. [¶] (2) Additional factors: [¶] (A) The perpetrator has successfully completed a batterer's treatment program that meets the criteria outlined in subdivision (c) of Section 1203.097 of the Penal Code. [¶] (B) The perpetrator has successfully completed a program of alcohol or

11

drug abuse counseling, if the court determines that counseling is appropriate. [¶] (C) The perpetrator has successfully completed a parenting class, if the court determines the class to be appropriate. [¶] (D) The perpetrator is on probation or parole, and has or has not complied with the terms and conditions of probation or parole. [¶] (E) The perpetrator is restrained by a protective order or restraining order, and has or has not complied with its terms and conditions. [¶] (F) The perpetrator of domestic violence has committed further acts of domestic violence." As noted, *ante*, the court considered these factors and determined that mother successfully rebutted the presumption.

Father complains that the court failed to give "proper weight" to mother's undisputed violations of the domestic violence restraining order (§ 3044, subd. (b)(2)(E)) and the commission of additional acts of domestic violence (*id.*, subd. (b)(2)(F)). Specifically, father urges that "[i]t was an abuse of discretion for the court to give [mother] a pass on what the court found to be a violation of the restraining order." Giving this statement a generous reading, we presume father intended to argue that a court may not find the section 3044 presumption has been rebutted if the court has also found that the parent has committed additional acts of domestic violence sufficient to support the issuance of a domestic violence restraining order. Father cites no authority for this proposition and has therefore forfeited the argument. (*Kurinij v. Hanna & Morton, supra,* 55 Cal.App.4th at p. 867 ["[A]n appellant must present argument and authorities on each point to which error is asserted or else the issue is waived."].) Moreover, father's assertion is facially inconsistent with the statute, which provides that such conduct is but one factor to be evaluated along with the other factors to

12

determine what is in the child's best interest. In any case, father is incorrect. (See *Keith R. v. Superior Court* (2009) 174 Cal.App.4th 1047, 1055 [noting that after "the section 3044 presumption has been rebutted, there is no statutory bar against an award of joint or sole custody to a parent who was the subject of the [domestic violence protective] order"].)

Father also claims the court erred in finding that mother is not on probation, a factor listed in section 3044, subdivision (b)(2)(D). No evidence supports his contention, as the testimony relied upon by father reveals:

"Q [Father's counsel]: Isn't it correct that there's still an outstanding warrant for you in the state of Arizona?

"A [Mother]: I am paying them back.

"Q:    For what?

"A:    I had a DUI in 2007.

"Q:    And you did not show up for a court appearance, and there is a bench warrant for you, correct?

"A:    No.

"Q:    There was a bench warrant for you; correct?

"[Mother's counsel]: Objection. Relevance.

"[The Court]: Sustained."

In sum, none of father's arguments is supported by the law or the record.

### 3.2.   Custody

As noted, *ante*, the court left the joint physical and legal custody arrangement from the stipulated judgment in place but slightly modified the custody schedule to give the parents equal custody time each week. Father urges that the court's order is not supported by substantial evidence and argues the court abused

13

its discretion by reducing his parenting time by 30 hours per month in order to equalize the parents' custodial time.

As we noted, *ante*, a trial court has considerable discretion to fashion a custody order that is in the best interest of the child and stands in a unique position to do so where, as here, the court hears the testimony of the parents. We will not disturb the court's order unless, after full consideration of all the evidence in the record, we conclude that the order is arbitrary, capricious, or absurd. But we will not develop father's arguments for him, nor will we comb the record to search for evidence that might support those arguments. Because father fails to discuss the evidence from the trial and further fails to present any coherent legal argument regarding the court's custody order, we conclude that he has forfeited his challenge to the court's custody order. (See *Dietz, supra,* 177 Cal.App.4th at p. 799 [noting that if an appellant fails to support a claim with reasoned argument and citations to authority we may treat that claim as waived].) "We may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt.' (*City of Santa Maria v. Adam* [(2012) 211 Cal.App.4th 266,] 287.)" (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277.)

### 3.3. Financial Issues

Finally, as noted, the court awarded no child support to either party. Father claims, however, that the award does not accurately reflect the financial situation of the parties. He cites no evidence in the record to support his assertion and provides no legal analysis on the issue of child support. Similarly, father contends the court erred in awarding "head of household" tax

14

status to mother. But again, father provides no analysis and cites no legal authority to support his argument. We decline to consider these issues. (See *Dietz*, *supra,* 177 Cal.App.4th at pp. 779–801 [several contentions on appeal "forfeited" because appellant failed to provide a single record citation demonstrating it raised those contentions at trial]; *Landry v. Berryessa Union School Dist*. (1995) 39 Cal.App.4th 691, 699–700 [issue not supported by pertinent or cognizable legal argument may be deemed abandoned].)

## DISPOSITION

The court's order after hearing is affirmed. Respondent Kara L. Imbriani shall recover her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

EGERTON, J.